**Fill in this information to identify your case:**

Debtor 1: Tanya Yvette Hammons
 First Name   Middle Name   Last Name

Debtor 2: _____
(Spouse, if filing)  First Name  Middle Name  Last Name

United States Bankruptcy Court for the : __NORTHERN DISTRICT OF ILLINOIS__

Case Number _____
(If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed

_____
_____

Official Form 113

# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ■ Included | ☐ Not Included |
| --- | --- | --- | --- |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ■ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ■ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1 Debtors(s) will make regular payments to the trustee as follows:**

$ __1,925.00__   per _month_ for __60__ months
Insert additional lines if necessary.
If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

Official Form 113        Record # 833583        Chapter 13 Plan        Page 1

Debtor 1   Tanya          Yvette         Hammons                    Case Number *(if known)* _____
          First Name      Middle Name    Last Name

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

- ■ Debtor(s) will make payments pursuant to a payroll deduction order.
- ☐ Debtor(s) will make payments directly to the trustee.
- ☐ Other (specify method of payment):_____.

**2.3 Income tax refunds**

*Check one.*

- ■ Debtor(s) will retain any income tax refunds received during the plan term.
- ☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
- ☐ Debtor(s) will treat income tax refunds as follows:
  _____
  _____

**2.4 Additional payments.**

*Check one.*

- ■ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $ _____115,500.00_____.**

| **Part 3:** | **Treatment of Secured Claims** |

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*

- ■ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

- ☐ None. If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

- ■ **The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

    The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed Amount of secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

    The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

    The holder of any claim listed below as having value in the column headed Amount of secured claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:
    (a)   payment of the underlying debt determined under nonbankruptcy law, or
    (b)   discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|

Debtor 1  Tanya                Yvette              Hammons_____   Case Number (if known) _____
         First Name            Middle Name         Last Name

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| IRS Non-Priority | $ 486.00 | Tax lien | $ 19,573.00 | $ 0.00 | $ 486.00 | 4.00% | $ 15.00 | $ 515.16 |
| IRS Non-Priority | $ 1,341.00 | Tax lien | $ 19,573.00 | $ 486.00 | $ 1,341.00 | 4.00% | $ 28.12 | $ 1,462.82 |
| IRS Non-Priority | $ 1,484.00 | Tax lien | $ 19,573.00 | $ 1,827.00 | $ 1,484.00 | 4.00% | $ 31.13 | $ 1,618.81 |
| IRS Non-Priority | $ 5,014.00 | Tax lien | $ 19,573.00 | $ 3,311.00 | $ 5,014.00 | 4.00% | $ 105.18 | $ 5,469.43 |
| IRS Non-Priority | $ 11,248.00 | Tax lien | $ 19,573.00 | $ 8,325.00 | $ 11,248.00 | 4.00% | $ 235.96 | $ 12,268.87 |

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

Check one.

☐ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

■ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| BMW Financial Services | 2012 Bmw 328 with over 102,000 miles | $ 12,074.00 | 7.00% | $ 251.81<br>Disbursed by:<br>■ Trustee<br>☐ Debtor(s) | $ 14,354.76 |

**3.4 Lien avoidance.**
Check one.

■ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5 Surrender of collateral.**
Check one.

■ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

Debtor 1  Tanya     Yvette     Hammons           Case Number *(if known)* _____
          First Name  Middle Name  Last Name

| Part 4: | **Treatment of Fees and Priority Claims** |

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be __5.50__ % of plan payments; and during the plan term, they are estimated to total $__6,352.50__.

**4.3 Attorney's fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $____4,500.00__.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐ **None.** If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

☒ The debtor(s) estimate the total amount of other priority claims to be __$27,863.00__.

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☒ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $_____.

☒ __100__ % of the total amount of these claims, an estimated payment of $__37,127.00__

☒ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $__0.00__. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☒ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Other separately classified nonpriority unsecured claims.** *Check one.*

☒ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

| Part 6: | **Executory Contracts and Unexpired Leases** |

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☒ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

Debtor 1 ___Tanya___  ___Yvette___  ___Hammons___   Case Number *(if known)* _____
   First Name  Middle Name  Last Name

## Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor(s) upon**

*Check the applicable box:*

☐ plan confirmation.
☒ entry of discharge.
☐ other: _____.

## Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***

<u>The debts secured by the tax liens of the taxing authority listed in section 3.2 of this plan shall be provided for as secured to the extent of $19,573.00. The balance of such claims shall be treated as unsecured pursuant to 11 U.S.C. § 506(a). If the debtor receives a discharge, the tax lien shall remain on excluded property, which is not property of the estate. 11 U.S.C. § 541(b). The taxing authority will also retain its liens until full payment of the underlying debt or discharge under 11 U.S.C. § 1328. See 11 U.S.C. § 1325(a)(B)(I). Further, the tax lien securing liabilities that are excepted from discharge shall be enforceable against all prepetition, as well as post-petition, assets of the debtor while such debt remains enforceable under applicable non-bankruptcy law.</u>

<u>Trustee will be the disbursing agent for pre-confirmation adequate protection payments of $120.74 to BMW Financial Services.</u>

<u>IRS Non-Priority shall not receive pre-confirmation adequate protection payments, as the lien is not a PMSI.</u>

<u>IRS Non-Priority shall not receive pre-confirmation adequate protection payments, as the lien is not a PMSI.</u>

<u>IRS Non-Priority shall not receive pre-confirmation adequate protection payments, as the lien is not a PMSI.</u>

<u>IRS Non-Priority shall not receive pre-confirmation adequate protection payments, as the lien is not a PMSI.</u>

<u>IRS Non-Priority shall not receive pre-confirmation adequate protection payments, as the lien is not a PMSI.</u>

| Debtor 1 | Tanya | Yvette | Hammons | Case Number *(if known)* _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

**Part 9:** **Signature(s):**

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if must sign below.*

✗ /s/ Tanya Yvette Hammons
    **Tanya Yvette Hammons**

Date: 12/12/2019

✗ /s/ John Madison Sadler      Date: 12/19/2019
Signature of Attorney for Debtor

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

Debtor 1  __Tanya__      __Yvette__       __Hammons_____       Case Number *(if known)* _____
        First Name       Middle Name       Last Name

# Exhibit:  Total Amount of Estimated Trustee Payments

*The following are the estimated payments that the plan requires the trustee to disburse.  If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.*

| | | | |
|---|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $ | 0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $ | 21,335.09 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $ | 14,354.76 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $ | 0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $ | 38,715.50 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $ | 37,127.00 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $ | 0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $ | 0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $ | 0.00 |
| j. | **Nonstandard payments** *(Part 8, total)* | $ | 0.00 |
| | **Total of lines a through j** | $ | 111,532.35 |